UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DR. DAMIAN MEDICI,

    *Plaintiff,*

v.

LIFESPAN CORPORATION,
RHODE ISLAND HOSPITAL, and MICHAEL
SUSIENKA,

    *Defendants.*

CIVIL ACTION NO. 16-cv-10289-ADB

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ADD RHODE ISLAND HOSPITAL AS A NECESSARY PARTY

In support of his motion to add Rhode Island Hospital ("RIH"), recently dismissed for lack of personal jurisdiction, back as a defendant, the plaintiff, Dr. Damian Medici ("Dr. Medici") states as follows:

RIH is a necessary party, under Fed. R. Civ. P. 19(a)(1)(A), as the Court "cannot accord complete relief among existing parties" without RIH as a defendant given the declaratory and injunctive relief Dr. Medici is seeking. Joinder of RIH is feasible, despite the Court's recent dismissal of RIH on the basis of lack of jurisdiction, given that RIH, located in Providence, Rhode Island, is well within 100 miles of the courthouse. This is by operation of Fed. R. Civ. P. 4(k)(1)(B), which provides that, when defendant is joined under Rule 19, service of the defendant within a judicial district of the United States and within 100 miles of the courthouse establishes personal jurisdiction over it. As Dr. Medici will be able to serve RIH within 100 miles of the courthouse, joinder of RIH under Rule 19(a)(1)(A) will enable the Court to exercise personal over it.

I.     **LEGAL STANDARD**

Fed. R. Civ. P. 19(a)(1)(A) provides that "[a] person who is subject to service of process and whose joinder does not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties." See also *Watchtower Bible & Tract. Soc'y of N.Y., Inc. v. Municipality of San Juan*, 773 F.3d 1, 13 (1st Cir. 2014) ("A party is a necessary party within the purview of Rule 19(a)(1)(A) only if, 'in that person's absence, the court cannot accord complete relief among existing parties'").

The analysis under Rule 19 is "fact-bound and driven by the nature of the issues" in the case. *Bacardi Int'l Ltd.*, 719 F.3d at 9; see also *Charest v. Federal Nat. Mortg. Ass'n*, 9 F.Supp.3d 114, 129 (D.Mass. 2014) (quoting the same). It "entails 'a practical determination' based on factors that vary with each case, 'some factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.': *Charest*, 9 F.Supp.3d at 129, quoting *Picciotto v. Continental Casualty Co.*, 512 F.3d 9, 16 (1st Cir. 2008). The court is to consider the policies underlying Rule 19, including "the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Picciotto*, 512 F.3d at 16, quoting *Acton Co. v. Bachman Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982).

Fed. R. Civ. P. 4(k)(1)(B) provides that "[s]erving a summons … establishes personal jurisdiction over a defendant … (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued."

## II.     ARGUMENT

In the absence of RIH being a defendant, the Court will be impeded from granting Dr. Medici complete relief should judgment enter against defendant Lifespan Corporation ("Lifespan"). The Court will be impeded due to the entangled relationship between RIH and Lifespan with respect to Dr. Medici and the research misconduct proceeding at issue and the nature of the relief that Dr. Medici is seeking.

As alleged in the Complaint (and in the proposed Amended Complaint), both RIH and Lifespan acted in ways consistent with being Dr. Medici's employer. Both signed the Employment Agreement. *Complaint, ¶¶ 13-14, 169 and Exhibit 1 (Document No. 1-3).* Lifespan conducted the research misconduct proceedings, which RIH, the recipient of the federal funds, was required by law to conduct. *42 C.F.R. § 93.100.* Lifespan's finding was the basis for the decision to terminate. *Complaint, ¶ 162 and Exhibit A to Reply to Opposition to Motion to Amend (Document No. 44-1).* While the termination letter was written on RIH letterhead and states that RIH terminated his employment, it was signed by Lifespan's Director of Human Resources. *See Document No. 44-1.*

Moreover, Dr. Medici is not only seeking monetary damages, but is also seeking declaratory and injunctive relief. "Generally, 'all interested parties should be joined in a declaratory judgment action whenever possible,'" *AIG Prop. Cas. Co. v. Green*, 172 F.Supp.3d 468, 476 (D.Mass. 2016), quoting *RFF Family P'ship, LP v. Link Dev.*, LLC, 849 F.Supp.2d 131, 137 (D.Mass. 2012), quoting *State Farm Mut. Auto. Ins. V. Mid-Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975). The purpose of Dr. Medici pursuing this action is not only to recover damages but also to restore Dr. Medici's once stellar reputation. Lifespan's research misconduct policy, attached to the Complaint at <u>Exhibit 2</u> (see Document 1-4), provides for the restoration of Dr. Medici's reputation should Lifespan's Investigation Committee find no research misconduct. *See*

3

*Document 1-4, at 12*. In the original Complaint and the proposed Amended Complaint, Dr. Medici seeks the following declaratory and injunctive relief:

    a.    A declaration that the finding of research misconduct is vacated, that the allegations did not warrant a research misconduct investigation, and that the finding should have been that no research misconduct occurred. *Complaint, ¶ 197; Proposed Amended Complaint, ¶ 207.*

    b.    Preliminary injunctive relief declaring that Lifespan and RIH breached the employment agreement in terminating Dr. Medici's employment in the absence of a finding of research misconduct by a governmental entity or professional organization and ordering that Dr. Medici be reinstated to his positon with Lifespan and RIH, immediately paying Dr. Medici back pay since the time of termination, and and further ordering that they continue to pay him his salary until the earlier of final judgment or the expiration of the agreement on June 30, 2019. *Proposed Amended Complaint, ¶ 208.*

    c.    Permanent injunctive relief requiring both Lifespan and RIH "to take reasonable steps to clear Dr. Medici's record, including, without limitation, notifying all individuals aware of or involved in the [research misconduct proceeding] of the result in this case, notifying [the federal Office of Research Integrity] of the outcome of this case, publicizing the final outcome in the forums in which the allegations against Dr. Medici were previously publicized, and expunging all reference to the allegations from Dr. Medici's personnel file." *Complaint, ¶ 198; Proposed Amended Complaint, ¶ 209.*

If Lifespan is found liable on the basis of the manner in which it conducted the research misconduct proceeding on behalf of RIH, the requested injunctive relief will necessarily involve RIH which, in the absence of joinder under Rule 19, is beyond the jurisdiction of this Court. If RIH is not a party, relief limited to Lifespan will not provide Dr. Medici his full requested equitable relief since Lifespan alone is not in position to restore Dr. Medici's reputation, to reinstate him to his position at RIH, to expunge his personnel file, or to pay him his back pay and continue paying him his salary. There is a strong interest "in preventing multiple and repetitive litigation" and for Dr. Medici to be able to obtain "complete and effective relief in a single action." *Picciotto*, 512 F.3d at 16.

4

Lastly, if this Court deems RIH a necessary party, the Court will be able to exercise personal jurisdiction over it given that it is located within 100 miles of the courthouse and Dr. Medici will be able to effectuate service within 100 miles of the courthouse and within a juridical district of the United States. See Fed. R. Civ. P. 4(k)(1)(B).

WHEREFORE, the plaintiff, Dr. Medici, respectfully requests that Rhode Island Hospital be joined as a defendant under Fed. R. Civ. P. 19(a)(1)(A) and that the Court issue a Summons so that Dr. Medici can serve RIH within 100 miles of the Court.

Respectfully submitted,
The Plaintiff,

**DR. DAMIAN MEDICI,**
By his attorney,

*/s/ William T. Harrington*
William T. Harrington (BBO# 564445)
171 Milk Street, 2nd Floor
Boston, MA 02109
(617) 426-7400
wharringtonlaw@gmail.com

Dated: April 9, 2017

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants via first class mail, postage prepaid, on this date.

*/s/ William T. Harrington*

5