UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMIAN MEDICI,<br><br>    Plaintiff,<br><br>v.<br><br>LIFESPAN CORP. and MICHAEL SUSIENKA,<br><br>    Defendants. | Civil Action No. 16-cv-10289-ADB |

## **MEMORANDUM AND ORDER**
## **DENYING MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

    Defendants Lifespan Corporation and Michael Susienka seek reconsideration of the Court's Order granting Plaintiff Damian Medici's Motion to Transfer [ECF No. 54], or, in the alternative, they request an award of costs and attorneys' fees incurred as a result of Plaintiff's decision to file the action in this Court. [ECF No. 56].

    Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This section "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)).

    In its Memorandum and Order granting Defendants' Motion to Dismiss Rhode Island Hospital ("RIH") as a defendant, the Court granted Plaintiff leave to move to transfer this case to the District of Rhode Island. [ECF No. 37 at 23 n.10]. The Court invited Plaintiff to consider

moving to transfer because the case concerns events that occurred primarily in Rhode Island, four of the five original defendants are based in Rhode Island, and most of the witnesses and evidence are located in Rhode Island. As Plaintiff now concedes, litigating this case in the District of Rhode Island is clearly "in the interest of justice" and more convenient to most of the parties and witnesses.[1]

Defendants argue that because Plaintiff could have originally brought his case in Rhode Island, and nothing material has changed since Plaintiff filed his case in this Court, either he should not now be permitted to transfer the case or, alternatively, the Court should award Defendants costs and attorneys' fees related to litigating personal jurisdiction and the motion to add RIH as a necessary party. The Court does not agree, however, that Plaintiff chose an improper forum, or that the litigation related to personal jurisdiction was entirely unnecessary or wasteful. As the Court explained in its Memorandum and Order, the relevant caselaw concerning general jurisdiction has evolved substantially in recent years, a change that apparently has not yet been discussed in depth by the First Circuit Court of Appeals. [ECF No. 37 at 14–17]. Under the previous standard for evaluating general jurisdiction, the Court may well have been able to exercise jurisdiction over RIH. Furthermore, the analysis as to specific jurisdiction was not clear-cut, and Plaintiff advanced some valid arguments in support of his contention that the Court could exercise specific jurisdiction over RIH. Id. at 17–20. In addition, the motion to add RIH as a necessary party raised legal issues which required further research and consideration. Although the motion was unsuccessful, it was not frivolous. Ultimately, Plaintiff was entitled to bring this case in his preferred forum and to be heard on the jurisdictional issues that arose.

---

[1] Defendants point out that one of the original five defendants, Michael Susienka, is a resident of Massachusetts, as is Plaintiff, and that one attorney representing Defendants works in Massachusetts. This is not enough to outweigh the benefits of adjudicating this Rhode Island-centered controversy in Rhode Island.

Accordingly, Defendants' Motion to Reconsider [ECF No. 56] is <u>DENIED</u>.

**SO ORDERED.**

June 5, 2017

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE